J-A26030-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| PEDRO JULIO SUAREZ, JR. | |
| Appellee | No. 442 MDA 2014 |

Appeal from the Order February 18, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003781-2013

BEFORE: BOWES, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.: **FILED OCTOBER 10, 2014**

The Commonwealth appeals from the February 18, 2014 order granting the motion to suppress filed by Appellee, Pedro Julio Suarez, Jr.[1] After careful review, we reverse and remand for further proceedings.

We summarize the relevant factual and procedural history of this case as follows. Pennsylvania State Trooper Shawn E. Conrad was assigned to a "large stolen ATV, all[-]terrain vehicle, investigation." N.T., 11/19/13, at 6. One of the victims in his investigation contacted Trooper Conrad to inform him that "he believed one of the stolen vehicles was for sale on [C]raigslist." *Id.* Trooper Conrad investigated the Craigslist advertisement and contacted

_____

[1] The Commonwealth has averred, pursuant to Pa.R.A.P. 311(d), that the trial court's order would terminate or substantially handicap its prosecution. Therefore, we have jurisdiction to address the Commonwealth's interlocutory appeal.

an individual named Manny by telephone. *Id.* at 7. Trooper Conrad "made him believe [he] was a prospective buyer for the vehicle." *Id.* Manny instructed Trooper Conrad to meet him at a certain location in Reading, Pennsylvania.

Upon meeting Manny in Reading, he instructed Trooper Conrad to follow him in his car to the location of the vehicle. *Id.* While en route to this location, Manny stopped at a residence and picked up Appellee. *Id.* After this, they all proceeded to the Route 10 Self-Storage, located at 1060 Morgantown Road, Cumru Township, Pennsylvania. *Id.* at 6, 7. Once there, Appellee and Manny opened a specific storage unit which revealed "numerous ATV's [sic] and a Mercedes-Benz[.]" *Id.* at 8. Manny and Appellee brought out the vehicle they believed Trooper Conrad was interested in purchasing; upon inspection, Trooper Conrad "was able to see the [vehicle identification number (VIN)] had been ground off and replaced[.]" *Id.* At this point, Trooper Conrad identified himself as Pennsylvania State Police and took Manny and Appellee into custody, along with the ATV. *Id.* at 9.

Initially, Trooper Conrad returned to search the storage unit after Appellee had given Trooper Conrad consent to do so. *Id.* However, upon arriving back at the storage unit, an attorney who represented the actual lessee of the unit rescinded the consent. *Id.* Trooper Conrad then applied for a search warrant for the storage unit. *Id.* The search warrant was for

"[s]tolen vehicles, [ATVs], motorcycles, and off-road motorcycles of all make, model, and years … [as well as a]ny stolen vehicle, [ATV], motorcycle and/or off-road motorcycle parts." N.T., 11/19/13, Commonwealth's Exhibit 1, at 1. The warrant was signed by a magisterial district judge. *Id.*; N.T., 11/19/13, at 10. Trooper Conrad testified that motor companies place additional VIN markings in a number of hidden places on vehicles to deter against theft. N.T., 11/19/13, at 12. Trooper Conrad also explained that a stolen vehicle part "could be the size of a baseball or smaller." *Id.* at 14.

Upon returning to the storage unit with the search warrant, officers opened the trunk of the Mercedes-Benz in the storage unit in an attempt to locate the secret VIN number to ascertain whether it was stolen. *Id.* at 19. Located inside the trunk was an opaque shopping bag. *Id.* at 20. The officers opened the bag and looked at its contents. Suppression Court Opinion, 4/21/14, at 3. The police saw boxes of ammunition and a black bank deposit bag, which felt heavy when the officer tried to move it. Affidavit of Probable Cause, 8/16/13, at 1. This heavy object was a black handgun. *Id.* After this, Trooper Conrad sought an additional search warrant to search the Mercedes-Benz, specifically for guns and narcotics. N.T., 11/19/13, at 21; Affidavit of Probable Cause, 8/16/13, at 1. The additional search warrant was granted, and the second search of the trunk revealed three plastic sandwich bags of cocaine. Affidavit of Probable Cause, 8/16/13, at 1.

On September 6, 2013, the Commonwealth filed an information charging Appellee with two counts each of possession with intent to deliver (PWID) and intentional possession of a controlled substance.[2] On November 6, 2013, Appellee filed an omnibus pre-trial motion seeking to suppress the evidence obtained from the shopping bag. The suppression court conducted a hearing on November 22, 2013. On February 18, 2014, the suppression court entered an order granting Appellee's motion to suppress. On March 10, 2014, the Commonwealth filed a timely notice of appeal.[3]

On appeal, the Commonwealth presents two issues for our review.

> A. Did the [suppression] court err in suppressing evidence found inside the trunk of the Mercedes Benz E320 where the warrant contained probable cause to enter the trunk?
>
> B. Did the [suppression] court abuse its discretion in denying the Commonwealth's motion to reopen the pretrial record where the challenge raised by [Appellee] was unclear and required clarification?

Commonwealth's Brief at 4.

We begin by noting our well-settled standard of review.

> When the Commonwealth appeals from a suppression order, this Court may consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the record as a whole, remains

---

[2] 35 P.S. §§ 780-113(a)(30) and 780-113(a)(16), respectively.

[3] The Commonwealth and suppression court have complied with Pa.R.A.P. 1925.

> uncontradicted. In our review, we are not bound by the suppression court's conclusions of law, and we must determine if the suppression court properly applied the law to the facts. We defer to the suppression court's findings of fact because, as the finder of fact, it is the suppression court's prerogative to pass on the credibility of the witnesses and the weight to be given to their testimony.

*Commonwealth v. Hudson*, 92 A.3d 1235, 1241 (Pa. Super. 2014) (internal quotation marks and citations omitted).

In its first issue, the Commonwealth avers that the suppression court erroneously concluded that the first search warrant for the storage unit did not authorize the police to search the shopping bag located in the trunk of the Mercedes-Benz. Commonwealth's Brief at 12. Appellee counters that the search of the shopping bag exceeded the scope of the search warrant, as it was "limited by the probable cause." Appellee's Brief at 13.

The Fourth Amendment of the Federal Constitution provides in relevant part that, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The specificity requirements of the Fourth Amendment's text reflect the Framers' distaste for "indiscriminate searches and seizures conducted under the authority of 'general warrants'". *Payton v. New York*, 445 U.S. 579, 583 (1980). However, "[a] particular warrant also assures the individual whose property is searched or seized of the lawful authority of the executing officer, his need

to search, and the limits of his power to search." *Groh v. Ramirez*, 540 U.S. 551, 561 (2004) (internal quotation marks and citation omitted). It is also manifest that "a lawful search generally extends to the entire area in which the object of the search may be found."[4] *Commonwealth v. Rega*, 933 A.2d 997, 1013 (Pa. 2007) (citation omitted), *cert. denied*, *Rega v. Pennsylvania*, 552 U.S. 1316 (2008).

In this case, as noted above, the search warrant identified the place to be searched as "[s]torage [u]nits number G3 and G4, a metal structure with white siding with a blue door and roof, located witin [sic] the Route 10 Storage facility at 1060 Morgantown Road, Cumru Township[,] Berks County, PA." N.T., 11/19/13, Commonwealth's Exhibit 1, at 1. Moreover, the search warrant identified the things to be seized as "[s]tolen vehicles, [ATVs], motorcycles, and off-road motorcycles of all make, model, and years … [as well as a]ny stolen vehicle, [ATV], motorcycle and/or off-road motorcycle parts." *Id.* The suppression court concluded that the warrant was supported by probable cause and the warrant did authorize the search of the Mercedes-Benz's trunk. Suppression Court Opinion, 2/18/14, at 6. However, the suppression court also concluded that the search warrant did

---

[4] To further illustrate this principle, the Supreme Court has noted that "[a]warrant to open a footlocker to search for marihuana would also authorize the opening of packages found inside." *United States v. Ross*, 456 U.S. 798, 821 (1982). By contrast, our Supreme Court has held that "police … [cannot] properly search [a] jacket [if] they [are] looking for an elephant." *Commonwealth v. Reese*, 549 A.2d 909, 911 n.2 (Pa. 1988).

not authorize the search of the shopping bag because "the Commonwealth presented no evidence that the initial warrant authorized police to search inside bags within the trunk of the vehicle." ***Id.***

As noted above, a valid search warrant authorizes police to search any area where the objects identified in the warrant are to be found. ***Rega***, ***supra***. As relevant in this case, the warrant specifically mentioned stolen vehicle and ATV parts. N.T., 11/19/13, Commonwealth's Exhibit 1, at 1. Furthermore, Trooper Conrad testified that a stolen vehicle part "could be the size of a baseball or smaller." ***Id.*** at 14. In our view, it logically follows that a stolen vehicle part could have been found in a shopping bag located within the trunk of the Mercedes-Benz, just as it could have been found in the trunk of the Mercedes-Benz itself. The shopping bag within the trunk was within the scope of the "area in which [a stolen vehicle or ATV part] may be found." ***Rega***, ***supra***. The Commonwealth was not required under the Fourth Amendment to present additional "evidence" that the police were permitted to search the shopping bag. The shopping bag was within the scope of the permissible search pursuant to the warrant issued and signed by the magistrate.[5] ***See, e.g.***, ***Commonwealth v. Reese***, 549 A.2d 909,

---

[5] Appellee concedes that probable cause existed to issue the search warrant and that the search of the Mercedes-Benz's trunk was authorized. Appellee's Brief at 11. However, Appellee argues the search of the shopping bag was beyond the scope of the warrant because Trooper Conrad had only discovered evidence that a stolen vehicle was "left intact and merely

*(Footnote Continued Next Page)*

911 (Pa. 1988) (stating, "[w]here a search warrant adequately describes the place to be searched and the persons and/or things to be seized the scope of the search 'extends to the entire area in which the object of the search may be found' and properly includes the opening and inspection of containers and other receptacles where the object may be secreted[]"), *quoting* **United States v. Ross**, 456 U.S. 798, 821-822 (1982). Therefore, because the search warrant did authorize the search of the shopping bag, Appellee's Fourth Amendment rights were not violated.[6]

Based on the foregoing, we conclude the suppression court erred when it granted Appellee's motion to suppress. **See Hudson**, **supra**. Accordingly, the suppression court's February 18, 2014 order is reversed, and the case is remanded for further proceedings, consistent with this memorandum.

Order reversed. Case remanded. Jurisdiction relinquished.

_____
*(Footnote Continued)*

renumbered creating the illusion of a vehicle that is legal." **Id.** Appellee further argues the warrant only "authorized a search for parts in the same manner that [Trooper] Conrad had discovered[.]" **Id.** However, we note the probable cause affidavit in this case also notes that a "stolen vehicle can be dismantled and the parts from it sold." N.T., 11/19/13, Commonwealth's Exhibit 1, at 2. Therefore, this is not an impediment to our decision.

[6] In light of our resolution of the Commonwealth's first issue, we need not address its remaining issue on appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/10/2014